IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JONI ROMIEL JOYCE, | ) | No. C 06-4356 MMC (PR) |
| Petitioner, | ) | **ORDER OF DISMISSAL** |
| v. | ) | |
| ATASCADERO STATE HOSPITAL, | ) | |
| Respondent. | ) | |

_____

    On July 17, 2006, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

    In his petition, petitioner states that on April 26, 2006, he was sentenced to a term of three years in the state mental hospital after being found mentally incompetent to stand trial on charges of kidnap, assault, rape, and "sexual penetration" in the Monterey County Superior Court. (See Pet. at 2-3.) The petition indicates he did not appeal this determination to the California Court of Appeal or the California Supreme Court. (See id. at 3.) Petitioner states that at the time he filed the instant federal habeas petition, he had a petition, appeal or other post-conviction proceeding pending in the "Monterey County Courts." (See id. at 5.)

    Prisoners in state custody who wish to challenge collaterally in federal habeas

proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  See 28 U.S.C. § 2254(b)-(c).  It is clear from the petition, that petitioner has never challenged his present incarceration, let alone presented the claims raised herein, to the California Supreme Court.  Before he may challenge either the fact or length of his confinement in a habeas petition in this court, petitioner must present to the California Supreme Court any claims he wishes to raise herein.  See Rose v. Lundy, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted).  In addition, to the extent petitioner has a challenge to his present confinement pending in state court, he must await the outcome of that challenge before his state remedies are considered exhausted.  See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983).

     As it is clear that petitioner has not exhausted his claims, the instant petition for a writ of habeas corpus is hereby DISMISSED without prejudice to petitioner's refiling his claims after all claims petitioner wishes to raise in federal court have been exhausted in accordance with 28 U.S.C. § 2254(b)-(c), and all state court post-conviction challenges to petitioner's conviction have been completed.

     The Clerk shall close the file.

     IT IS SO ORDERED.

DATED: December 11, 2006

MAXINE M. CHESNEY
United States District Judge